UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MATTHEW J. RYAN,

                                      Plaintiff,

                                                        5:13-CV-1293
v.                                                   (GLS/TWD)

RICHARD S. HARTUNIAN, et al.,

                                      Defendants.
_____

APPEARANCES:                                      OF COUNSEL:

MATTHEW J. RYAN, 17951052
Plaintiff pro se
Otisville Federal Correctional Institution
Inmate Mail/Parcels
P.O. Box 1000
Otisville, New York 10963

THÉRÈSE WILEY DANCKS, United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

      The Clerk has sent this pro se complaint together with an application to proceed *in forma pauperis* to the Court for review. (Dkt. Nos. 1 and 2.) For the reasons discussed below, I grant Plaintiff's *in forma pauperis* application (Dkt. No. 2) and recommend that the action be dismissed without leave to amend.

**I.    ALLEGATIONS OF THE COMPLAINT**

      The complaint recounts the events that led to Eliot Spitzer's resignation as Governor of the State of New York. (Dkt. No. 1 at 2-4.) Plaintiff asserts that the failure of the named Defendants to criminally prosecute Mr. Spitzer for money laundering violated Plaintiff's rights under the Equal Protection Clause. *Id.* at 4. A review of court records indicates that Plaintiff is

currently serving a federal prison sentence after being convicted of securities fraud. *United States v. Ryan*, No. 1:10-CR-0319 (NAM) (N.D.N.Y.). In his prayer for relief, Plaintiff requests that the individual Defendants be suspended from their current positions pending an investigation, that Plaintiff be "re-investigated similar to Defendant Spitzer," and that the criminal charges against Plaintiff be dismissed "based on the same type of denial charges that Defendant Spitzer was never charged." (Dkt. No. 1 at 6.)

## II. PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*

Plaintiff has applied to proceed *in forma pauperis*. (Dkt. No. 2.) A court may grant *in forma pauperis* status if a party "is unable to pay" the standard fee for commencing an action. 28 U.S.C. § 1915(a)(1) (2006). After reviewing Plaintiff's *in forma pauperis* application (Dkt. No. 2), I find that Plaintiff meets this standard. Therefore, Plaintiff's application to proceed *in forma pauperis* is granted.[1]

## III. LEGAL STANDARD FOR INITIAL REVIEW OF COMPLAINT

28 U.S.C. § 1915(e) (2006) directs that when a person proceeds *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (I) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2) (2006).

In order to state a claim upon which relief can be granted, a complaint must contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.

---

[1] Plaintiff should note that although the application to proceed *in forma pauperis* has been granted, Plaintiff will still be required to pay fees that he may incur in this action, including copying and/or witness fees.

R. Civ. P. 8(a)(2). The requirement that a plaintiff "show" that he or she is entitled to relief means that a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (emphasis added). "Determining whether a complaint states a plausible claim for relief . . . requires the . . . court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not shown -- that the pleader is entitled to relief." *Id.* at 679 (internal citation and punctuation omitted).

"In reviewing a complaint . . . the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). Courts are "obligated to construe a pro se complaint liberally." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

When screening a complaint, the court has the duty to show liberality towards pro se litigants. *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam). "[E]xtreme caution should be exercised in ordering sua sponte dismissal of a pro se complaint before the adverse party has been served and [the] parties have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983).

## IV. ANALYSIS

The complaint must be dismissed because Plaintiff lacks standing to challenge the decision not to prosecute Mr. Spitzer. There is "no federal right to have criminal wrongdoers prosecuted." *Marsh v. Kirschner*, 31 F. Supp. 2d 79, 81 (D. Conn. 1998). *See also Leeke v. Timmerman*, 454 U.S. 83, 87 (1981) (per curiam) (inmates who claimed they were needlessly beaten by guards during prison uprising lacked standing to challenge state officials' opposition to application for criminal arrest warrants against guards); *Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"). Therefore, I recommend that the Court dismiss the complaint.

Where a pro se complaint fails to state a cause of action, the court generally "should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation and citation omitted). However, an opportunity to amend is not required where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Id.* (citation omitted). Here, the problem with Plaintiff's complaint is substantive and could not be cured with better pleading. Therefore, I recommend that the Court dismiss the complaint without leave to amend.

**WHEREFORE**, it is hereby

**ORDERED** that the application to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**; and it is further

**RECOMMENDED** that the complaint (Dkt. No. 1) be dismissed without leave to amend; and it is further

**ORDERED** that the Clerk provide Plaintiff with a copy of this Order and Report-Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW</u>**. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1) (Supp. 2013); Fed. R. Civ. P. 72, 6(a).

Dated: November 25, 2013
 Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge