UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MATTHEW J. RYAN,

                Plaintiff,                5:13-cv-1293
                                                        (GLS/TWD)
        v.

RICHARD S. HARTUNIAN et al.,

                Defendants.
_____

**APPEARANCES:**                          **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Matthew J. Ryan
Pro Se
17951052
Otisville Federal Correctional Institution
P.O. Box 1000
Otisville, NY 10963

**Gary L. Sharpe**
**Chief Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Plaintiff *pro se* Matthew J. Ryan commenced this action against defendants Richard S. Hartunian, the U.S. Attorney's Office, Eric Holder, Jr., the U.S. Department of Justice, Andrew M. Cuomo, Eric T. Schneiderman, Elliot Spitzer, David Soares, Spitzer Enterprises, and the New York State Committee on Professional Standards, alleging that their

failure to criminally prosecute Spitzer, the former Governor of the State of New York, for money laundering violated Ryan's rights under the Equal Protection Clause. (Compl., Dkt. No. 1 at 1-5.) In an Order and Report-Recommendation (R&R) issued November 25, 2013, Magistrate Judge Thérèse Wiley Dancks recommended that Ryan's complaint be dismissed without leave to amend. (Dkt. No. 4 at 4.) For the reasons that follow, the R&R is adopted in its entirety.

## II. **Background**

Ryan is currently serving a federal prison sentence after being convicted of securities fraud. (Dkt. No. 4 at 1-2 (citing *United States v. Ryan*, No. 1:10-CR-0319 (N.D.N.Y.)).) Ryan's complaint alleges that defendants failed to prosecute Spitzer by way of conspiracy and failed to bring in an independent investigator who had no political party affiliation with Spitzer. (Compl. at 2-5.) Ryan claims that defendants' failure to prosecute Spitzer violated Ryan's rights under the Equal Protection Clause. (*Id*. at 4.) Upon initial review of Ryan's complaint pursuant 28 U.S.C. § 1915(e), Judge Dancks recommended that the complaint be dismissed without leave to amend. (Dkt. No. 4 at 4.)

## III. Standard of Review

Before entering final judgment, this court routinely reviews all report and recommendation orders in cases it has referred to a magistrate judge. If a party has objected to specific elements of the magistrate judge's findings and recommendations, this court reviews those findings and recommendations *de novo*. *See Almonte v. N.Y. State Div. of Parole*, No. Civ. 904CV484GLS, 2006 WL 149049, at *3,*5 (N.D.N.Y. Jan. 18, 2006). In those cases where no party has filed an objection, only vague or general objections have been filed, or a party resubmits the same papers and arguments already considered by the magistrate judge, this court reviews the findings and recommendations of the magistrate judge for clear error.[1] *See id.* at *4-5.

## IV. Discussion

Ryan objects to the R&R with both general and specific objections. (Dkt. No. 5.) Ryan specifically objects to the portion of the R&R in which Judge Dancks characterizes Ryan as a private citizen. (Dkt. No. 5 at 3.) Ryan's objection states, "I am not considered a private citizen, the cases

---

[1] "[A] report is clearly erroneous if the court determines that there is a mistake of fact or law which is obvious and affects substantial rights." *Almonte*, 2006 WL 149049, at *6.

3

and references provided for the denial of this legal action filed with this court does not pertain to my current standing and does not make the case invalid." (*Id*.)  The court has reviewed this objection *de novo* and finds that Ryan's argument is without merit.  As Judge Dancks correctly stated, Ryan lacks standing because "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."  (Dkt. No. 4 at 4 (quoting *Linda R.S. v. Richard D*., 410 U.S. 614, 619 (1973)).)  Thus, Ryan has not articulated a judicially cognizable right of which he has been deprived.

    Ryan also makes general objections to the R&R, which take issue with no particular aspect of Judge Dancks' recommendation.  (Dkt. No. 5.)  For example, Ryan claims that Spitzer was not properly prosecuted and that these proceedings have been "tainted . . . with political cronyism."  (Dkt. No. 5 at 3.)  These "objections," however, simply restate a portion of Ryan's complaint and re-hash arguments already submitted to the court, which Judge Dancks properly considered, (*compare* Dkt. No. 1, *with* Dkt. No. 5), and are irrelevant to the recommendation.  *See Davis v. Campbell*, No. 3:13-CV-0693, 2014 WL 234722, at *2 (N.D.N.Y. Jan. 22, 2014).  Because Ryan's objections do not point out specific shortcomings in the

4

R&R, and, instead, merely raise immaterial contentions or reiterate earlier-raised arguments, review for clear error is warranted. *See Almonte*, 2006 WL 149049, at *4, *6. Having thoroughly reviewed the R&R, the court finds no clear error in Judge Dancks' recommendations, and adopts it in its entirety.

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Magistrate Judge Thérèse Wiley Dancks' Order and Report-Recommendation (Dkt. No. 4) is **ADOPTED** in its entirety; and it is further

**ORDERED** that the complaint (Dkt. No. 1) is dismissed without leave to amend; and it is further

**ORDERED** that the Clerk close this case; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

May 22, 2014
Albany, New York

Gary L. Sharpe
Chief Judge
U.S. District Court